# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-------------------------------------------------------------------x
In re:                                                                    Chapter 7
                                                                          Case No. 09-70660 (DTE)
AGAPE WORLD, INC.,                                                        Substantively Consolidated
AGAPE MERCHANT ADVANCE LLC,
AGAPE COMMUNITY LLC, AGAPE
CONSTRUCTION MANAGEMENT LLC,
AGAPE WORLD BRIDGES LLC, AND
114 PARKWAY DRIVE SOUTH LLC,

                    Debtors.
-------------------------------------------------------------------x
KENNETH P. SILVERMAN, ESQ., as
Chapter 7 Trustee of Agape World, Inc., *et al.*

                    Plaintiff,
                                                                          Adv. Pro. No. 10-08248 (DTE)
     -against-

ANTHONY TESORIERO,

                    Defendant.
-------------------------------------------------------------------x

## STIPULATION SETTLING THE
## TRUSTEE'S CLAIMS AGAINST ANTHONY TESORIERO

    I.    On February 5, 2009 (the "Petition Date"), an involuntary chapter 7 petition was filed by four petitioning creditors (the "Petitioning Creditors") pursuant to 11 U.S.C. §303(b), against Agape World, Inc. ("AWI"), in the United States Bankruptcy Court for the Eastern District of New York.

    II.    On February 9, 2009, the Petitioning Creditors filed a motion to appoint an interim chapter 7 trustee under 11 U.S.C. §303(g).

    III.    On February 12, 2009, the Court granted the Petitioning Creditors' motion and entered an order directing the United States Trustee's Office to immediately appoint an interim chapter 7 trustee in the AWI case.

IV. On February 12, 2009, Kenneth P. Silverman, Esq., was appointed the interim trustee in the AWI case, and has since duly qualified and is now the permanent Trustee in the Debtors' substantively consolidated case.

V. On March 4, 2009, the Court issued an Order for relief in the AWI chapter 7 case.

VI. On April 14, 2009, the Court issued an Order substantively consolidating AWI, Agape Merchant Advance LLC, Agape Community LLC, Agape Construction Management, LLC, Agape World Bridges LLC, and 114 Parkway Drive South LLC (collectively, the "Debtors").

VII. The Trustee and his counsel have investigated the financial affairs of the Debtors, including a detailed analysis of the extent and validity of certain transfers made by the Debtors to Michael Santagato ("Defendant").

VIII. On June 8, 2010, the Trustee commenced this adversary proceeding against Defendant by the filing of a complaint, wherein the Trustee asserted that certain transfers totaling $172,685.00 (the "Transfers") made by the Debtors to the Defendant are avoidable pursuant to 11 U.S.C. §§547, 548, 550 and 551, New York Debtor and Creditor Law §§273, 274, 275, 276 and 276-a (the "Claims").

IX. Thereafter, Defendant retained his undersigned counsel to defend against the Claims.

X. The parties engaged in informal discovery related to the Claims and the defenses asserted by Defendant whereby it was determined that Defendant was not a broker or sub-broker of Agape and that Defendant was a "net loser" and received $59,700.00 from Agape in preference payments pursuant to 11 U.S.C. §547.

XI. In the spirit of compromise and without any admission of liability, Defendant has offered to remit the sum of $29,850.00 (the "Settlement Sum") to the Trustee in full and final settlement of the Claims.

XII. Based upon the his review of all documentation related to the Transfers and his investigation of all attendant factors, the Trustee has, in his business judgment, agreed to settle

the Trustee's Claims upon the following terms and conditions, which the Trustee believes are fair and reasonable, especially in light of the costs and uncertainty associated with litigation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the parties hereto, that the Trustee's Claims be resolved upon the terms and conditions set forth herein as follows:

<u>**Defendant's Obligation to Pay the Settlement Sum**</u>

1. This Stipulation (the "Stipulation") is subject to the approval of the United States Bankruptcy Court for the Eastern District of New York (the "Approval Order"). Upon receipt of the executed Stipulation, the Trustee will move the Bankruptcy Court for entry of the Approval Order pursuant to Bankruptcy Rule 9019.

2. The Trustee has authorized Defendant to pay the Settlement Sum in seven (7) installments. The first installment, in the amount of $5,000.00 has been deposited in Defendant's counsel's escrow account and is due within three (3) days of Approval Order becoming final and non-appealable under 28 U.S.C. §158(c)(2) and Bankruptcy Rule 8002. The second installment, in the amount of $4,500.00, is due on or before May 31, 2012. The third installment, in the amount of $4,500.00, is due on or before September 30, 2012. The fourth installment, in the amount of $4,500.00, is due on or before January 31, 2013. The fifth installment, in the amount of $4,500.00, is due on or before May 31, 2012. The sixth installment, in the amount of $4,500.00, is due on or before September 30, 2012. The final installment, in the amount of $2,350.00, is due on or before January 31, 2014. All installments shall be remitted to "Kenneth P. Silverman, Esq., as Chapter 7 Trustee," by delivering a check to Trustee's counsel at SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York, 11753, Attention: Wade C. Wilkinson, Esq. Nothing contained herein shall preclude or penalize Defendant from pre-paying any installment or portion of any installment.

3. Any funds remitted by Defendant in full or partial payment of the Settlement Sum prior to the entry of the Approval Order shall be held in the escrow account of Trustee's counsel

until the Approval Order becomes final and non-appealable under 28 U.S.C. §158(c)(2) and Bankruptcy Rule 8002.

4. Once the Approval Order becoming final and non-appealable, Trustee's counsel shall transfer all settlement funds being held in escrow into the Debtors' estate account. If the Bankruptcy Court denies entry of the Approval Order, then Trustee's counsel will return all funds remitted by Defendant in full or partial payment of the Settlement Sum each installment payment being held in escrow to the Defendant's counsel without undue delay and this Stipulation will be null and void and none of the terms herein shall be usable as evidence by either party.

5. All payments made by Defendant after the Approval Order becoming final and non-appealable shall be deposited directly into the Debtors' estate account.

6. If Defendant fails to make timely payment of any installment of the Settlement Sum in accordance with paragraph 1, above, or if Defendant's payment is dishonored for any reason whatsoever and Defendant does not cure such default within five (5) business days after written notice sent by Federal Express or other reputable overnight courier to Defendant and Defendant's Counsel at the addresses set forth herein, then the Trustee shall be entitled to move before the Bankruptcy Court, without further notice and upon the affidavit by the Trustee attesting to the default (a) for the entry of a judgment against Defendant for Twenty-Nine Thousand Eight Hundred Fifty And 00/100 ($29,850.00) Dollars, plus costs, less any sums previously paid as provided herein, and (b) for any further relief necessary to enforce his rights under this Stipulation. Written notice of default shall be sent by Federal Express or other reputable overnight courier to (i) Defendant at 4 Birch Lane, Massapequa, New York 11762; and (ii) Defendant's counsel at Spence Law Office, P.C., 500 North Broadway, Suite 139, Jericho, New York 11753 (Attn. Robert J. Spence, Esq.).

**Releases**

7. Upon the Approval Order becoming final and non-appealable, and the Trustee's receipt and clearance of the full Settlement Sum, the Trustee and the estate release and forever

discharge Defendant, his affiliated entities, agents, representatives, attorneys, assigns and successors-in-interest from any and all claims, claims for relief, demands, costs, expenses, damages, liabilities, and obligations of any nature arising out of or relating to the Claims. For purposes of clarification, nothing contained herein shall be construed to be a release by the Trustee of any claims that the Trustee may have or subsequently discover under 11 U.S.C. §550(a)(2) and the Trustee is specifically not releasing any claims under 11 U.S.C. §550(a)(2).

8. Upon the Approval Order becoming final and non-appealable, Defendant releases, discharges and waives any and all claims against the Debtors' Estate, the Trustee and the Trustee's agents, attorneys, assigns and successors-in-interest from any and all claims, claims for relief, demands, costs, expenses, damages, liabilities, and obligations of any nature.

**Effect of Settlement upon Timely-Filed Proofs of Claim**

9. Upon the Approval Order becoming final and non-appealable and the Trustee's receipt and clearance of the full Settlement Sum, the Trustee and the estate specifically release, discharge and waive the Ninth Claim for Relief to disallow any proof of claim timely filed by Defendant pursuant to Bankruptcy Code §502(d).

10. The parties to the Stipulation acknowledge and agree that notwithstanding the release language contained in paragraphs 6 through 8, the Stipulation and the settlement memorialized herein are not intended, and should not be interpreted to otherwise release, waive or discharge either parties' rights, defenses, claims or objections with respect to any proof of claim that was timely-filed by Defendant in the Debtors' substantively-consolidated case. For the purposes of clarification, by entering into this Stipulation, the Trustee has not, is not intending and shall not be deemed to have validated, approved or otherwise allowed any proof of claim previously filed by Defendant.

11. Upon payment of the Settlement Sum, but no more than sixty (60) days after payment of the full Settlement Sum, Defendant shall have the right to file and serve on Trustee's counsel a proof of claim or an amended proof of claim including the amount of the Settlement

Sum paid hereunder, pursuant to Bankruptcy Code §502(h). Defendant acknowledges and agrees that his Bankruptcy Code §502(h) claim shall be disallowed if it is not filed and served on Trustee's counsel within sixty (60) days of payment of the full Settlement Sum.

**No Admission of Criminal or Civil Liability**

12. It is understood and agreed that this Stipulation is entered into to avoid costly and protracted litigation. Neither the execution of this Stipulation, nor the payment of the Settlement Sum shall be construed as an admission of any criminal or civil liability on Defendant's part. For clarification, this paragraph is not intended and shall not be deemed to affect Defendant's obligation to make timely payment of the Settlement Sum or adversely affect the Trustee's rights and remedies under paragraph 6 in the event that Defendant fails to make timely payment of any installment of the Settlement Sum.

**Miscellaneous**

13. This Stipulation may be executed in one or more counterparts, with each part being deemed a part of the original document, and facsimile or other electronic signatures shall be deemed an original signature.

14. The person executing this Stipulation on behalf of each respective party warrants and represents that she or he is authorized and empowered to execute and deliver this Stipulation on behalf of such party.

15. This Stipulation may not be altered, modified, or changed unless in writing, signed by the parties or their counsel.

16. The Trustee and Defendant are each responsible for their own costs and attorneys' fees incurred in connection with this proceeding.

Dated: Jericho, New York
      March __, 2012

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
The Chapter 7 Trustee

By:  *s/ David J. Mahoney*
David J. Mahoney
Jay S. Hellman
Members of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

Dated: Jericho, New York
      March 28, 2012

**SPENCE LAW OFFICE, P.C.**
Attorneys for Defendant

By:  *s/ Robert J. Spence*
Robert J. Spence
500 North Broadway, Suite 139
Jericho, New York 11753
(516) 336-2060